UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14306-CIV-MIDDLEBROOKS/MAYNARD

EDUARDO CISNEROS,

    Plaintiff,

v.

SAEFTY HOLDINGS, INC.,
d/b/a Samba Safety,

    Defendant.
_____/

### ORDER ON MOTION TO COMPEL AND FOR SANCTIONS

**THIS CAUSE IS** before me upon presiding U.S. District Judge Donald M. Middlebrooks' referral of all discovery matters to me for appropriate disposition. DE 38. Falling within the scope of this referral is Defendant's Motion to Compel Discovery and For Sanctions ("Motion to Compel"). DE 33. No response to the Motion to Compel has been timely filed. For the following reasons, the Motion to Compel is **GRANTED IN PART**.

### BACKGROUND

On August 30, 2022, Plaintiff commenced this lawsuit, asserting a single claim against Defendant under the federal Fair Credit Reporting Act ("FRCA") for "willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b)." Compl. ¶ 33. Plaintiff alleges that Defendant violated the FCRA by providing a motor vehicle report to Lyft on May 10, 2022 that inaccurately reported Plaintiff's license as suspended even though "Plaintiff's license was not invalid. Plaintiff's driver's license was valid, intact, and he was

1

legally allowed to operate a motor vehicle." *Id.* ¶¶ 19-23.  As a result of this inaccurate information, Plaintiff claims to have been deactivated from the Lyft diver platform. *Id.* ¶ 28.

Plaintiff originally appeared in this case through counsel.  On motion, his first attorney of record withdrew from representation.  DE 26.  Thereafter, a second attorney appeared to represent Plaintiff.  DE 30.  However, on subsequent motion, that second attorney also withdrew from representation.  DE 45.  Plaintiff is now representing himself in this matter.

Trial is presently set for July 17, 2023.  Discovery is now closed.  Apart from the Motion to Compel, Defendant has also filed a Motion to Strike Plaintiff's Amended Complaint, DE 36, and a Motion for Summary Judgment, DE 59.  The latter two motions remain pending for consideration by the presiding U.S. District Judge.

According to the Motion to Compel, which was filed on April 4, 2023, Plaintiff failed to timely provide complete discovery responses as required or confirm his availability for a deposition scheduled for April 10, 2023.  DE 33 at 4.  The at-issue discovery requests are attached to the Motion.  DE 33-2, DE 33-3.  Based upon Plaintiff's failures to cooperate in discovery, Defendant sought an order (1) compelling Plaintiff to respond, (2) deeming any objections to the requested discovery waived, (3) deeming unanswered requests for admissions as admitted, (4) requiring Plaintiff to appear for his deposition,[1] and (5) awarding Defendant its expenses incurred for the Motion.

After reviewing the Motion to Compel, I issued an Order requiring an expedited response.  DE 39.  Plaintiff himself responded with an email but his attorney at the time did

---

[1] In a later joint status report, it was confirmed that Plaintiff and his counsel at the time did appear for Plaintiff's scheduled deposition on April 10, 2023. DE 41 at 4.  However, Defendant asserted that it "was prevented from thoroughly completing the deposition due to Plaintiff's admitted failure to produce documents responsive" to Defendant's discovery requests.  *Id.*

not. By later Order, I acknowledged receipt of Plaintiff's email but indicated that represented parties may not act on their own behalf and, based on an updated status report indicating that Plaintiff's written discovery responses remained woefully deficient, I required Plaintiff's counsel to file a show cause response addressing why Plaintiff's counsel did not respond to my prior Order and why the Motion should not be granted by default. DE 42. Although Plaintiff has since filed other submissions with the Court now that he is representing himself (*e.g.,* a motion for leave to proceed in forma pauperis and a motion for referral to the Court's volunteer attorney program, DE 46, DE 47), he has not properly filed any response to the Motion.

## **DISCUSSION**

Federal Rule of Civil Procedure Rule 37 permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A party may so move, for example, if the party from whom discovery is requested fails to answer an interrogatory or to respond to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

The party resisting discovery bears the burden of showing the discovery requests to be improper, unreasonable, or burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Wagner v. Viacost.com,* 2007 WL 1879914, at *1 (S.D. Fla. June 29, 2007). Any objections to an interrogatory or request for production may be deemed waived if not raised in a timely manner, *see* Fed. R. Civ. P. 33(b)(4); *Reliance Ins. Co. v. Core Carriers, Inc.*, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008), and statements addressed by a request for admission are deemed admitted if the party to whom such a request is directed fails to provide a timely answer or objection to the request. Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the request is

directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"); *see also U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir. 1992) (explaining the purpose and importance of a Rule 36 admission).

Courts afford *pro se* litigants wide leeway in their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (concluding that allegations of the pro se complaint are held to less stringent standard than formal pleadings drafted by lawyers). But even *pro se* litigants must satisfy essential burdens, *see, e.g., Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990), and Plaintiff's current *pro se* status does not excuse his failure to comply with court orders. The record reflects that the presiding District Judge provided Plaintiff with specific instructions on how to proceed in this case. DE 49. However, Plaintiff has failed to comply with these instructions, including by failing to properly file a response to the Motion to Compel.[2]

I find that Plaintiff's failure to appropriately respond leaves the Motion unopposed and subject to being granted by default. *See* S. D. Fla. Local Rule 7.1(c)(1) (failure to file a response "may be deemed sufficient cause for granting the motion by default."). Moreover, any objections Plaintiff may have had to the interrogatories or requests for production have been waived by Plaintiff's failure to timely provide appropriate responses. Plaintiff will thus be ordered to serve full and complete written answers to each of Defendant's interrogatories and written responses and documents responsive to each of Defendant's requests for production.

---

[2] More recently, Plaintiff did not appear for a scheduled settlement conference before me on May 16, 2023.

In addition, all matters set forth in Defendant's First Requests for Admissions have been deemed admitted by Plaintiff pursuant to Fed. R. Civ. P. 36(a)(3). *See* DE 33-3 (copy of Request for Admissions); *see also Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("If a party fails to respond within thirty days [to a Rule 36(a) request] the matter is admitted.").

I turn last to Defendant's request for an award of expenses incurred. When a motion to compel is granted, a Court must award the movant its reasonable expenses, including attorney's fees, incurred in making the motion, after giving an opportunity to be heard. But the Court is not to award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" "the opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, considering that Plaintiff was represented by counsel for some of the time at issue and is now representing himself, I find that the circumstances present here would make an award of expenses unjust. That said, this Order shall serve as an opportunity to notify Plaintiff that his continued failure to provide discovery or otherwise comply with Court orders may lead to the imposition of appropriate sanctions against him personally.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Compel, DE 33, is **GRANTED IN PART** as follows:

1. **By or before June 9, 2023**, Plaintiff shall serve upon Defendant full and complete responses to Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production with no objections.

2. All matters set forth in Defendant's First Requests for Admissions, DE 33-3, are deemed admitted by Plaintiff pursuant to Fed. R. Civ. P. 36(a)(3).

3. **Plaintiff shall take notice that continued failure to provide discovery or to otherwise comply with Court orders may lead to sanctions against him, including, for example, the assessment of fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5).**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of May, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE